Raymond LEONARD, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15054.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Rehearing Denied April 23, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Raymond Leonard, Jr., defendant below, was charged, tried, and convicted in the District Court of ᒐ ᐢhoma County, for the crime of Illegal Possession of Marihuana After Former Conviction of a Felony; his punishment was fixed at ten years imprisonment in the state penitentiary, and he appeals.

▊ The single assignment of error urged on appeal, with which we will deal, which at the time of trial would not have required reversal under the rule enunciated in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1954), now requires reversal under the sweeping enlargement of *Aguilar* by the United States Supreme Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, delivered January 27, 1969, rendered by a divided court whose dissenting minority speaks with greater clarity and logic, based on experience, than does the technical gymnastics of the majority. As disagreeable as is our task, we must forge yet another link in the federal handcuffs placed upon state courts and law enforcement officials. The self-serving declarations of the United States Supreme Court expressing their reluctance to repudiate findings of fact made by state and federal tribunals would serve no useful purpose by its reiteration in this opinion; suffice it to say that at the present time all affidavits made by officers seeking a search warrant must be set forth in language, under oath, that the officer has personally observed a violation of law, or the possession of contraband, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband, or items used in the commission of crime, or fruits of crime, are on the described premises; or, if based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable; and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contraband, articles used in the commission of crime, or fruits of crime, upon the premises. If this is not done, we are advised in *Spinelli*, the warrant should not issue. If the warrant, however, is issued and contraband forming the foundation of a subsequent criminal prosecution is seized, we are advised by *Spinelli* that the admission of such contraband into evidence constitutes reversible error.

▊ In complete fairness to the majority authors of *Spinelli*, we would point out that the opinion recognizes that under certain circumstances a reliable informant may base his statements that contraband is located on certain described premises if the affidavit discloses that the belief of the reliable informant is based upon an admission of one of the principals maintaining or keeping such contraband on the premises.

▊ Under *Spinelli*, it appears that it is still permissible to supply the minute details not contained within the affidavit

relating to the basis of the informer's source of information and knowledge together with facts supporting his reliability, by establishing that oral details were disclosed to the magistrate by the affiant sufficient to warrant a finding of probable cause prior to the issuance of the search warrant. There can be little question that it would be the better practice to detail all this information in the affidavit for a search warrant in order to accurately preserve the facts and circumstances relied upon to establish probable cause. When the affiant for the warrant is challenged, however, the supporting information provided the magistrate in addition to the affidavit must be shown to have been communicated to the magistrate prior to the issuance of the warrant. The hearing on the motion challenging the probable cause for the issuance of the search warrant should be conducted before the trial court outside the presence of the jury.

█ The affidavit in the instant case falls far short of the rule enunciated in *Spinelli,* and we must accordingly hold that the marihuana ′ found in the defendant's apartment should not have been admitted in evidence. Recognizing that absent this vital evidence a conviction cannot be maintained, we reverse and remand this cause with instructions to dismiss. Reversed and remanded with instructions to dismiss.

BRETT, Presiding Judge (specially concurring).

While I must reluctantly concur with Judge BUSSEY in his opinion in this case, I believe we should place equal emphasis upon the statement of the majority opinion, of the Honorable United States Supreme Court, wherein it recites:

"In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, Mc-Cray v. Illinois, 386 U.S. 300, 301, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense, United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1964); and that·their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257–271, 80 S.Ct. 725, 735–736, 4 L.Ed.2d 697 (1960)."

It appears to me that this declaration is an attempt to reconcile the Spinelli results with the previous decisions of the Honorable Court. I believe also that by applying equal emphasis to that declaration we·will be treating it as it appears to be intended, i. e., limited to the Spinelli facts, otherwise there is no need for the declaration being in the opinion. Likewise, it is too restrictive in its application to the entire spectrum of affidavits for the issuance of search warrants, and paints *"with too broad a brush,"* as the Honorable Court reiterated of the Court of Appeals concerning its "totality of circumstances" approach.

In the instant case, if the affidavit had been more specific concerning the "reliable informant" and his source of information, ·I would favor affirming this case, even under the Spinelli decision. But in view of the decision of Spinelli, supra, and the limited status of the affidavit in this case, I am bound to concur with Judge BUSSEY in his opinion.

However, insofar as it is the intention of every opinion rendered by all appellate courts, that the effect of the opinion shall operate prospectively, and not retroactively, I believe the effect of Spinelli v. United States, supra, should be treated prospectively by this Court, notwithstanding the loud silence of the Honorable Supreme Court opinion in this respect.

I also feel compelled—under the circumstances—to repeat what Mr. Justice Black

said in his dissenting opinion, because it succinctly states the same effect of so many situations encountered by State Courts today; and it is equally applicable to those situations, as the one the Honorable Justice intended. He said:

"A majority of this Court today holds, however, that the magistrate and all of these judges were wrong. In doing so, they substitute their own opinion for that of the local magistrate and the circuit judges, and reject the *en banc* factual conclusion of the Eighth Circuit and reverse the judgment based upon that factual conclusion."