**William T. HORNER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15691.**

Court of Criminal Appeals of Oklahoma.

March 31, 1971.

As Corrected April 6, 1971.

William T. Horner was convicted of Possession of Narcotics, sentenced to Three Years imprisonment, and appeals. Reversed and remanded with instructions.

Leon Tabor, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, William T. Horner, hereinafter referred to as defendant, was convicted by jury verdict of the crime of Possession of Narcotics in the District Court of Oklahoma County, Case No. CRF–69–1049, with punishment left to the court. On October 17, 1969, judgment and sentence was imposed fixing punishment at three years imprisonment and this appeal perfected therefrom.

The evidence established that on May 10, 1969, the police obtained a search warrant for a 1964 Ford bearing 1969 Oklahoma license tag XR–8922 which was thought by one of the officers to belong to defendant. The officers broke into the vehicle parked in front of an apartment complex and found a box of capsules, one of which contained 10% heroin. Fifteen minutes later, the defendant arrived in another car and was arrested while walking toward the apartment. He was searched and two capsules discovered, one of which contained 10% heroin. The capsules were introduced in evidence over defendant's objection.

Defendant contends that the affidavit for search warrant was constitutionally infirm, which renders the evidence obtained thereby inadmissible. Both defendant and the state agree that if the affidavit is defective, the narcotics were improperly introduced in evidence.

In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court held:

> " * * * [t]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, *and* some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.' " 378 U.S. at 114, 84 S.Ct. at 1514. (emphasis added)

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court stated that the affidavit for search warrant in *Aguilar* was inadequate for two reasons, stating the second reason as follows:

> "Second, the affiant-officers did not attempt to support their claim that their informant was 'credible' or his information 'reliable.' "

Finding the affidavit presented in *Spinelli* inadequate, the Court held:

> "Though the affiant swore that his confidant was 'reliable', he offered the magistrate no reason in support of this conclusion." 393 U.S. at 416, 89 S.Ct. at 589.

In view of *Spinelli,* this Court set forth the following rule in Leonard v. State, Okl. Cr., 453 P.2d 257 (1969):

> "[I]f based upon hearsay information of a reliable informant, it [affidavit for search warrant] must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable; and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contraband, articles used in the commission of crime, or fruits of crime, upon the premises. If this is not done, we are advised in *Spinelli,* the warrant should not issue. If the warrant, however, is issued and contraband forming the foundation of a subsequent criminal prosecution is seized, we are advised by *Spinelli* that the admission of such contraband into evidence constitutes reversible error." 453 P.2d at 259.

In the instant case, the affidavit and application for search warrant reads in relevant part:

> "Affiant further states that he has received information from an informant

heretofore proven to be reliable, that informant has personally seen narcotic drugs in this car on this date, and that informant has seen narcotic drugs sold from this car previously."

There is nothing further in the affidavit detailing why informant is deemed reliable, nor does the record disclose that additional evidence was presented to the issuing magistrate from which he could judicially determine whether the informant was in fact reliable. See, Holt v. State, Okl.Cr., 471 P.2d 957.

Accordingly, we find that the affidavit fails to comply with the requirements of *Spinelli* and *Leonard* rendering the evidence obtained thereby inadmissible. As noted in *Leonard,* absent such evidence a conviction is impossible and upon reversal, dismissal is required.

Reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concur.