Ronnie A. LINDSEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16025.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1971.

Berry & Mullins, Ponca City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Ronnie Allen Lindsey, hereinafter referred to as defendant, was convicted by jury verdict with the crime of possession of marihuana in the District Court of Kay County, Case No. CRF–70–3, and punishment fixed at five (5) years imprisonment. Judgment and sentence in accord with the verdict was imposed on March 31, 1970, and this appeal perfected therefrom.

Specifically, defendant was charged with possession of marihuana on January 12, 1970, found in an apartment at 721 West Highland in Ponca City, Oklahoma. The evidence on which the conviction is based was seized from the apartment pursuant to a search warrant.

Defendant contends the search was unlawful because the affidavit for the warrant was constitutionally defective and would not support a lawful search. The State contends defendant had no standing to challenge the legality of the search.

■ As to the affidavit for the search warrant, it is obviously defective and inadequate to justify the lawful issuance of a search warrant under the requirements of the Fourth Amendment as set forth in Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and by this Court in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969). The decisions of the United States Supreme Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue, require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. As this Court held in *Leonard*, affidavits by an officer must set forth that the "officer has personally observed" a violation or contraband possession of certain premises; or if based on hearsay information of a reliable informant, it must set forth "in detail why the informant is deemed to be reliable" and further if informant observed the violation or possession and on what premises. In short, there must be some details, not a bare conclusion.

■ To summarize the affidavit herein, it sets out that Wayne Randol "depose and say" that on January 7, 1970, John Doe has unlawful possession of marihuana in the east apartment in a duplex at 721 West Highland, Ponca City, Oklahoma, in Kay County. The description of the premises is adequate. However, there is no information in the affidavit, or orally offered the magistrate, that Randol saw the marihuana on the premises specified or that he got his information from a reliable informant. The affidavit does not mention an informant. The affidavit does not say the marihuana was personally observed by anyone. The issuing magistrate is left to guess as to the source of information. The affidavit provides no information to allow an independent judgment that probable cause exists for the warrant. It is the magistrate, not the officer, who must make the determination of probable cause and he must be supplied with information to make such a determination.

Accordingly, we find the affidavit was constitutionally defective as failing to satisfy the requirements of *Spinelli* and *Leonard*. Even the Attorney General concedes the affidavit does not comply with the requirements of the *Leonard* decision. Therefore the search was unlawful and its fruits inadmissible.

■ However, the State argues that defendant had no standing to contest the legality of the search since he did not own or have title to the apartment. In fact, the record does not prove defendant had no possessory interest. However, it appears and we assume defendant was merely present in the apartment belonging to another person. In Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), the United States Supreme Court held the defendant charged with possession of narcotics had standing to challenge the search of an apartment revealing narcotics while defendant was present, although the apartment belonged to another person. Defendant did not lack standing because he did not own or possess the property seized or have a possessory interest in the premises searched. If nothing else, the Supreme Court found the possession charge suffices to give accused standing as a "person aggrieved by an unlawful search and seizure" to move for suppression of evidence.

■ As Justice Frankfurter stated for the court in Jones v. United States, *supra*:

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as

a consequence of a search or seizure directed at someone else." 362 U.S. at 261, 80 S.Ct. at 731.

" * * *

"Petitioner's conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government." 362 U.S. at 263–264, 80 S.Ct. at 732.

" * * *

"In cases where the indictment itself charges possession, the defendant in a very real sense is revealed as a 'person aggrieved by an unlawful search and seizure' upon a motion to suppress evidence prior to trial." 362 U.S. at 264, 80 S.Ct. at 733.

" * * *

"No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him." 362 U.S. at 267, 80 S.Ct. at 734.

The United States Supreme Court has on other occasions held that the Fourth Amendment prohibition against unreasonable search does not shield only those who have title to the searched premises. Mancusi v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968). In Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960), it was held a passenger who dropped a package in a taxi cab in which he was riding has not abandoned the property and lost standing to claim the officers made an unlawful seizure of the property. In Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), it was held the defendant had standing to contest the seizure of a rifle during the search of his grandmother's home where the grandmother consented to the search.

■■ Contrary to the suggestion of the Attorney General, this Court has never "refused to follow Jones v. United States, *supra*." Indeed, we are in no position to do so since in matters of federal constitutional rights applicable to the states the interpretation of the United States Supreme Court is binding. The Fourth Amendment prohibition against unreasonable search and seizure has been extended to the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. The cases cited by the Attorney General involve state constitutional interpretation and are clearly distinguishable from the facts of this case.

■ Thus, we expressly hold a possessory interest in the premises searched or object seized is not the final test of standing to question the reasonableness of a search and seizure. Rather, a person has standing to challenge the legality of a search where he is the victim of the search, one against whom the search was directed. This point should be obvious from a quick glance at the recent decisions of this Court.

In Lawson v. State, Okl.Cr., 484 P.2d 1337 (1971), the evidence indicated the driver of the automobile was the owner, but both the driver and passenger had standing to successfully attack the search. In Brown v. State, Okl.Cr., 481 P.2d 475 (1971), the apartment searched did not belong to the defendant, yet he successfully challenged the legality of the search. In Sturgeon v. State, Okl.Cr., 483 P.2d 335 (1971), the defendant successfully attacked the legality of the search of a motel room rented to a third party where defendant

was a mere visitor. In Thompson v. State, Okl.Cr., 487 P.2d 737, the defendant, a mere passenger, successfully questioned the search of an automobile driven and owned by another person. More recently in Watt v. State, Okl.Cr., 487 P.2d 961, the Attorney General confessed error and conceded defendant's claim of an unlawful search of an automobile owned by another person and this Court noted:

> "Defendant was not the owner of the automobile, but there is no question that he has standing to object to an unlawful search of the vehicle. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697."

In each of these decisions the defendant had standing to attack the search although he had no possessory interest or legal title in the premise or object seized.

Further clarity is found in the decision of the Supreme Court of Hawaii in State v. Dias, 470 P.2d 510 (1970), involving the standing of a trespasser:

> "The state cannot charge a person with a crime of possession and then deny that person his remedy at law to object to the search and seizure of that which the state says is his.
>
> "A person who is the victim of a search and seizure directed against him has standing to assert his rights protecting him against an unreasonable search and seizure." 470 P.2d at 511.

We, therefore, hold that the affidavit was constitutionally inadequate to support a lawful search and that defendant had standing to challenge the evidence seized in the search. Accordingly, the evidence was inadmissible and the trial court erroneously admitted it over defendant's objection. Absent this vital evidence a conviction cannot be obtained. Reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concurs.