Kenneth Alvis PIERCE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16588.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1971.

Don Anderson, Public Defender, Okla-
homa County, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L.
Hartmann, Mike D. Martin, Asst. Attys.
Gen., for defendant in error.

BUSSEY, Presiding Judge:

Kenneth Alvis Pierce, hereinafter re-
ferred to as defendant, was charged, tried,
and convicted in the District Court of
Oklahoma County for the offense of Pos-
session of Narcotic Drugs, After Former
Conviction of a Felony. His punishment
was fixed at ten (10) years imprisonment,
and from said judgment and sentence, a
timely appeal has been perfected to this
Court.

Because of the propositions asserted, we
do not deem it necessary to recite a detailed
statement of facts. Suffice it to say that
three Oklahoma City police officers search-
ed the defendant's home, by authority of
a search warrant, and found certain nar-
cotics. The defendant's nephew testified
for the defense that the items were brought
to his uncle's house by Gloria Puckett with-
out the defendant's knowledge.

The first proposition asserts that
the motion to suppress the evidence should
have been sustained because of the insuf-
ficiency of the affidavit for search war-
rant. The affidavit stated as follows:

"That the subject living at this address
is known to the affiant as a narcotic
user and seller and has been for several
years, and that during the past week
the affiant has observed numerous auto-
mobiles and persons known to the affiant
as users of narcotics to come and go
from this residence at various times
during the day and night.

"Affiant further states that he has re-
ceived information from an informant
who has heretofore proven to be a re-
liable informant, that this informant did

on the 10th day of March enter the above described premises and purchased a quantity of narcotic drugs. The informant also observed other narcotic drugs to be present in the house at the time he made this purchase. The informant also advised that he had personal knowledge of other narcotic users buying narcotic drugs from the occupant of the above listed property."

The defendant cites as authority Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Leonard v. State, Okl.Cr., 453 P.2d 257; and, Holt v. State, Okl.Cr., 471 P.2d 957. We are of the opinion that the affidavit in the instant case is insufficient, applying the rulings of the above cited cases; however, we observe that the United States Supreme Court in the recent case of United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), again modified the standards testing the sufficiency of affidavit for search warrant. In *Harris, supra,* the affidavit was as follows:

"Roosevelt Harris has had a reputation with me for over four years as being a trafficker of nontaxpaid distilled spirits, and over this period I have received numerous information [*sic*] from all types of persons as to his activities. Constable Howard Johnson located a sizeable stash of illicit whiskey in an abandoned house under Harris' control during this period of time. This date, I have received information from a person who fears for their life [*sic*] and property should their name be revealed. I have interviewed this person, found this person to be a prudent person, and have, under a sworn verbal statement, gained the following information: This person has personal information of and has purchased illicit whiskey from within the residence described, for a period of more than 2 years, and most recently within the past 2 weeks, has knowledge of a person who purchased illicit whiskey within the past two days from the house, has personal knowledge that the illicit whiskey is consumed by purchasers in

the outbuilding known and utilized as the 'dance hall,' and has seen Roosevelt Harris go to the other outbuilding, located about 50 yards from the residence, on numerous occasions, to obtain whiskey for this person and other persons."

In reversing the judgment of the Court of Appeals and reinstating the judgment of conviction, the Court stated:

"A policeman's affidavit 'should not be judged as an entry in an essay contest,' *Spinelli,* supra, 393 U.S. at 438, 89 S.Ct. 600 (Fortas, J., dissenting), but rather must be judged by the facts it contains. While a bare statement by an affiant that he believed the informant to be truthful would not, in itself, provide a *factual* basis for crediting the report of an unnamed informant, we conclude that the affidavit in the present case contains an ample factual basis for believing the informant which, when coupled with his own knowledge of the respondent's background, afforded a basis upon which a magistrate could reasonably issue a warrant. The accusation by the informant was plainly a declaration against interest since it could readily warrant a prosecution and could sustain a conviction against the informant himself."

We observe that the affidavit in *Harris,* supra, did not state facts from which the magistrate could determine that the informant was reliable. The court concluded that the bald statement that the informant was truthful, combined with the affiant's personal knowledge of the defendant's background, afforded a basis upon which a magistrate could reasonably issue a warrant. The Court further stated:

"Quite apart from the affiant's own knowledge of respondent's activities, there was an additional reason for crediting the informant's tip. Here the warrant's affidavit recited extrajudicial statements of a declarant, who feared for his life and safety if his identity was revealed, that over the past two years he had many times and recently purchased 'illicit whiskey.' These state-

ments were against the informant's penal interest, for he thereby admitted major elements of an offense under the Internal Revenue Code. Section 5205(a) (2), Title 26, United States Code, proscribes the sale, purchase or possession of unstamped liquor.

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support finding of probable cause to search. * * * But here the informant's admission that over a long period and currently he had been buying illicit liquor on a certain premise, itself and without more, implicated that property and furnished probable cause to search."

In the instant case, the affidavit reflects that the affiant had personal knowledge of the defendant's reputation as a narcotic user and seller and further that the informant purchased drugs at the premises, fitting squarely within the Harris decision. We, thereby, conclude that the affidavit for the search warrant was sufficient, and that the trial court did not err in overruling the defendant's motion to suppress. In that this Court is bound by the holdings of the United States Supreme Court; all prior opinions inconsistent with this opinion are expressly overruled.

The final proposition contends that the court erred in not submitting proper verdict forms to the jury. We need only to observe that the Record does not reflect that the defendant objected at any time to the verdict forms in the trial court, nor did the defendant raise the objection to the same in his motion for new trial and attempts to raise the issue for the first time on appeal. We have previously held that only those questions which were raised in trial court, and on which adverse rulings were made and exceptions taken, and which were then incorporated in the motion for new trial and assigned as error in petition, would be considered on appeal. Stone v. State, Okl.Cr., 442 P.2d 519 (1968). We, therefore, find this proposition to be without merit.

In conclusion, we observe the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.