Charles Dale COSLOW, and Jo Ann Coslow, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16237.

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Mac Oyler, Oklahoma City, for plaintiff in error, Charles Dale Coslow.

Milton Keen and Max Moulton, Oklahoma City, for plaintiff in error, Jo Ann Coslow.

Larry Derryberry, Atty. Gen., Robert Mitchell, Asst. Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Charles Dale Coslow and Jo Ann Coslow, husband and wife, hereinafter referred to as defendants, were charged, tried by jury, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Knowingly Concealing Stolen Property; Charles Dale Coslow was convicted of the offense of Knowingly Concealing Stolen Property, After Former Conviction of a Felony. His punishment was fixed at a term of nine (9) years in the state penitentiary, and the defendant, Jo Ann Coslow, was sentenced to a term of three (3) years in the state penitentiary, from which judgments and sentences, timely appeals have been perfected to this Court. These appeals are consolidated for the purposes of this opinion.

Only one of the defendants' six propositions of error, that the trial court erred in refusing to suppress the evidence and that the affidavit and search warrant were insufficient to meet constitutional requirements, will be dealt with in this opinion, inasmuch as this Court finds that proposition is dispositive of this case.

The evidence and instruments in the record indicate Oklahoma City Police Officers swore out an affidavit and obtained a search warrant for the premises at 205 Southeast Twenty-Third Street in Oklahoma City, and that on the 17th day of February, 1970, between the hours of 11:30 p. m. and midnight, they arrived at Jo Ann Coslow's residence to serve same.

At that time, both defendants were present, the officers served the search warrant on the premises, and while they were there, recovered, among other things, a deerskin rug which covered a chest in one of the bedrooms in the residence, later to become the substance of the charge at issue, Knowingly Receiving Stolen Property. The affidavit indicated the officers sought a variety of televisions, radios, tape recorders, and police receivers taken from the burglary of Trice Electronics at 800 North Hudson on November 14, 1969.

The affiant further described the property as a one-story frame dwelling, located at 206 Southeast Twenty-Third, Oklahoma City, Oklahoma County, State of Oklahoma. The affiant further stated that he had received information from an informant, who had been used in the past by the affiant and had proven to be reliable, that he (the informant) saw the within listed property at the above location, and acting on the above-received information, the affiant made an independent investigation

and found the above information to be true and correct.

There was testimony at the trial that in addition to the one-story frame dwelling in question at 206 Southeast Twenty-Third, there was another residence located on the property, as well as a garage. Testimony at the trial was to the effect that, rather than having been the proceeds of the Trice Electronics Company burglary, the deerskin rug was taken from the home of Ross Eugene Pollock, that the missing deerskin rug was not described nor included within the search warrant, and the affiant neither testified nor stated that at the time the deerskin rug was seized he had knowledge that it was stolen goods, or had reason to believe that it was stolen.

■ Oklahoma's requirements for affidavits and the issuance of search warrants are clearly set out in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), wherein this Court stated that when seeking a search warrant, the officer must set forth in language, under oath, that he has either personally observed a violation of the law or the possession of contraband upon certain described premises, detailing to such degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband or items used in the commission of a crime, or fruits of a crime, are on the described premises. The testimony in this case by the affiant indicates only that he put the place under surveillance and observed the defendant enter and leave on a variety of occasions. There was no testimony with regard to the observance or commission of any crime or contraband.

■ Further, the Leonard case states that if the affidavit is to be based upon the hearsay information of a reliable informant, it must contain positive language under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable, and, should further set forth in detail whether the informant himself observed the violation or the presence of contraband articles used in the commission of a crime or fruits of a crime on the premises.

■ Apparently, none of the items seized under the color of this particular search warrant turned out to be the stolen property alleged to be there; at least, no further charges so far as this Court is aware were filed as a result of any stolen property or contraband found at this residence. The only information in the affidavit with regard to the informant's reliability is the statement that the informant has been used in the past and proven to be reliable, and that he saw (he being the informant) the above-listed property at the above-listed location.

This type of statement, without the minute detail, is not sufficient for the issuance of a search warrant in the State of Oklahoma.

The affiant testified on the trial that at the time the search warrant was issued he gave other background information to the issuing magistrate; however, there is nothing in the record to indicate what, if any, additional information was given to the court in order to give that court probable cause to issue the search warrant.

See also this Court's decision in Horner v. State, Okl.Cr., 483 P.2d 744 (1971), which reaffirmed those portions of Leonard, supra, dealing with the minute detail of the informant's information as well as minute detail with regard to the informant's reliability.

We also direct attention to the 1971 Legislative enactment designed to cure the problems arising from oral testimony taken to supplement an affidavit for the issuance of a search warrant found at 22 O.S., § 1224.1:

"Before issuing a search warrant the judge may take oral testimony, sworn to under oath, supplemental to any affidavits. Provided, however, that such oral testimony shall be recorded, such record

**834**

transcribed forthwith, and filed with the affidavits to support the search warrant."

We note in passing that while *Leonard,* supra, is the basic standard in Oklahoma for testing the sufficiency of an affidavit for search, those standards were modified recently in Pierce v. State, Okl.Cr., 491 P. 2d 335 (1971) insofar as additional factors to be considered as going to the reliability of an informant, coupled with other knowledge.

The modified standards, taken from United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), apply in the cases where informants, who have been or are involved in illicit activities such as narcotics traffic, so state, thereby making declarations against interest and incurring the possibility of prosecution. In *Harris,* supra, the informant's admission that he had purchased illicit liquor at the place over a long period of time and was still doing so, *itself and without more,* implicated the informant and furnished probable cause to search.

In *Pierce,* supra, the affiant had personal knowledge of the defendant's reputation as a narcotics user and dealer *and* the informant purchased drugs at the premises.

Thus, the instant case falls short of our expanded view of *Leonard,* supra, even though the officer claimed to have personal knowledge of the defendant's background first, because nothing the informant did or said tended to enhance his reliability or jeopardize his own interest, and second, there was no probable cause or reasonable belief to support the seizure of the complained-of rug.

In light of the foregoing, it is the opinion of this Court that the issuance of the search warrant and the affidavit therefor are constitutionally infirm, and fail to follow the guidelines laid down in *Leonard,* supra, thereby tainting and making subject to a motion to suppress any and all evidence flowing from the execution of the search warrant. Inasmuch as there is not sufficient evidence, absent the fruits of the unlawful search, with which to convict the defendants, the judgment and sentence is hereby reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concur.