**Jimmy ROGERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17314.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

Frazier, Dyer & Pate, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jimmy Rogers, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Grand Larceny; his punishment was fixed at five (5) years imprisonment. Thereaf-

ter, the defendant filed an Application for Post Conviction Relief in the trial court which was denied on February 10, 1972, and from said denial of post conviction relief, a timely appeal has been perfected to this Court.

The first proposition asserts that the defendant has standing to challenge the validity of the affidavit for a search warrant in that it was directed at him personally. The trial court and this Court on appeal in Rogers v. State, Okl.Cr., 488 P.2d 369 ruled that the defendant did not have standing to object to the search in that he had no possessory interest in the property. In the most recent case dealing with the question presented, Caskey v. State, Okl. Cr., 496 P.2d 408, we stated:

"As this Court is bound by the constitutional decisions of the United States Supreme Court, the holding of this Court in *Lindsey*,[1] supra, is modified to the ex-

[1]. Lindsey v. State, Okl.Cr., 488 P.2d 935.

tent that a person who does not hold a possessory interest in the premises searched or object seized does not have standing to challenge the legality of a search unless he was *specifically* the one against whom the search was directed,"

In the instant case, the affidavit for search warrant reflects that the search was directed specifically against Jimmy Rogers, the defendant, and therefore we hold that the defendant does have standing to challenge legality of the search.

The final proposition contends that the affidavit for search warrant is not sufficient being based upon an unidentified person known as the informant. The affidavit for search warrant provides in relevant part as follows:

"Affiant further states That he has received information from a source that though unidentified by name, has given information to the undersigned affiant on previous occasions and that such information has in each instance proven correct and reliable. That the source of

information stated to affiant that the pouch and diamonds are now kept and contained in the above described property. Affiant further states that he has talked with Mr. Dean Wright, the manager of Zales Jewelry, 4257 Southwest Blvd, Tulsa, Oklahoma and that Dean Wright stated that he personally knew and recognized the person Jimmy Rogers.

"Dean Wright stated to Affiant that on July 9, 1969 he did see Jimmy Rogers in the Zales Jewelry at 4257 Southwest Blvd, Tulsa, Oklahoma and that at that time he, Dean Wright at the request of Jimmy Rogers displayed to Rogers the pouch containing the diamonds and the diamonds therein.

"Dean Wright further stated to affiant that he, Dean Wright took the pouch with the diamonds from their hiding place to show them to the person Jimmy Rogers. Dean Wright stated that they were then kept in a drawer underneath the counter and the person Jimmy Rogers observed him as he took them from the drawer to show them to Rogers.

"The affiant further states that Dean Wright stated to him that Jimmy Rogers came back into the Zales store 4257 Southwest Blvd. Tulsa Oklahoma [sic] on July 10, 1969 in the company of another male person. Dean Wright stated that Jimmy Rogers asked for an item that made it necessary from [sic] him Dean Wright to leave the area of the counter where the drawer with the diamond pouch was located. Dean Wright stated that the male person with Jimmy Rogers stayed near that area during that time.

"Affiant further states that Dean Wright stated that after Jimmy Rogers and the other male had left that he discovered the pouch and diamonds missing. He, Wright further stated that the pouch and diamonds had been in the drawer before Jimmy Rogers and the other male person had entered the store."

Defendant argues that the language in the affidavit that refers to the "unidentified informant" falls short of the standards required by Spinelli v. United States, 393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Leonard v. State, Okl.Cr., 453 P.2d 257. In Pierce v. State, Okl.Cr., 491 P.2d 335, a similar proposition was before this Court when the affidavit for search warrant did not set forth in detail why the informant was deemed to be reliable. We stated:

" * * * The defendant cites as authority Spinelli v. United States, 393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; Leonard v. State, Okl.Cr., 453 P.2d 257; and, Holt v. State, Okl.Cr., 471 P.2d 957. We are of the opinion that the affidavit in the instant case is insufficient, applying the rulings of the above cited cases; however, we observe that the United States Supreme Court in the recent case of United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), again modified the standards testing the sufficiency of affidavit for search warrant. In *Harris,* supra, the affidavit was as follows:

'Roosevelt Harris has had a reputation with me for over four years as being a trafficker of nontaxpaid distilled spirits, and over this period I have received numerous information [sic] from all types of persons as to his activities. Constable Howard Johnson located a sizeable stash of illicit whiskey in an abandoned house under Harris' control during this period of time. This date, I have received information from a person who fears for their life [sic] and property should their name be revealed. I have interviewed this person, found this person to be a prudent person, and have, under a sworn verbal statement, gained the following information: This person has personal information of and has purchased illicit whiskey from within the residence described, for a period of more than 2 years, and most recently within the past 2 weeks, has knowledge of a person who purchased illicit whiskey

within the past two days from the house, has personal knowledge that the illicit whiskey is consumed by purchasers in the outbuilding known and utilized as the "dance hall," and has seen Roosevelt Harris go to the other outbuilding, located about 50 yards from the residence, on numerous occasions, to obtain whiskey for this person and other persons.'

"In reversing the judgment of the Court of Appeals and reinstating the judgment of conviction, the Court stated:

'A policeman's affidavit "should not be judged as an entry in an essay contest," *Spinelli,* supra, 393 U.S. at 438, 89 S.Ct. 600 (Fortas, J., dissenting), but rather must be judged by the facts it contains. While a bare statement by an affiant that he believed the informant to be truthful would not, in itself, provide a *factual* basis for crediting the report of an unnamed informant, we conclude that the affidavit in the present case contains an ample factual basis for believing the informant which, when coupled with his own knowledge of the respondent's background, afforded a basis upon which a magistrate could reasonably issue a warrant. The accusation by the informant was plainly a declaration against interest since it could readily warrant a prosecution and could sustain a conviction against the informant himself.'

"We observe that the affidavit in *Harris,* supra, did not state facts from which the magistrate could determine that the informant was reliable. The court concluded that the bald statement that the informant was truthful, combined with the affiant's personal knowledge of the defendant's background, afforded a basis upon which a magistrate could reasonably issue a warrant. The Court further stated:

'Quite apart from the affiant's own knowledge of respondent's activities, there was an additional reason for crediting the informant's tip. Here the warrant's affidavit recited extrajudicial statements of a declarant, who feared for his life and safety if his identity was revealed, that over the past two years he had many times and recently purchased "illicit whiskey." These statements were against the informant's penal interest, for he thereby admitted major elements of an offense under the Internal Revenue Code. Section 5205(a)(2), Title 26, United States Code, proscribes the sale, purchase or possession of unstamped liquor.

'Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support finding of probable cause to search. * * * But here the informant's admission that over a long period and currently he had been buying illicit liquor on a certain premise, itself and without more, implicated that property and furnished probable cause to search.'

"In the instant case, the affidavit reflects that the affiant had personal knowledge of the defendant's reputation as a narcotic user and seller and further that the informant purchased drugs at the premises, fitting squarely within the Harris decision. We, thereby, conclude that the affidavit for the search warrant was sufficient, and that the trial court did not err in overruling the defendant's motion to suppress. In that this Court is bound by the holdings of the United States Supreme Court; all prior opinions inconsistent with this opinion are expressly overruled."

We are of the opinion that although the affidavit for a search warrant does not set forth detailed facts as to the reliability of

the informant, such information combined with the additional information obtained from Dean Wright afforded a basis upon which the magistrate could reasonably issue the search warrant. The Order Denying Post Conviction Relief is therefore affirmed.

BRETT, J., concurs.