Roman **LOONEY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–206.

Court of Criminal Appeals of Oklahoma.

March 6, 1974.

815

Faye Bancroft, and Albert Matthews, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Roman Looney, hereinafter referred to as defendant, was charged, tried by a jury, and convicted in the District Court, Muskogee County, Case No. CRF–72–243, for the offense of Unlawful Possession of Controlled Drug with Intent to Distribute; his punishment was fixed at a term of two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Only one of defendant's six propositions of error—that the trial court erred in refusing to suppress the evidence and that the affidavit and search warrant were insufficient to meet constitutional requirements—will be dealt with in this opinion, inasmuch as this Court finds that proposition is dispositive of this case.

The record indicates Lt. Bradley of the Muskogee Police Department swore out an affidavit and obtained a search warrant for the defendant's premises. On September 16, 1972, at approximately 10:30 p. m., the search warrant was served on the premises, and a substantial number of pills and capsules were seized.

The affidavit consisted mainly of a pre-printed form stating conclusions to the effect that the named person keeps " . . . narcotic drugs, marihuana, and barbiturate and stimulant drugs, a more particular description of which this affiant cannot give, . . . that the above named person at the said place and in said building or premises is now engaged in the business of keeping a place where narcotic drugs, marihuana, barbiturate and stimulant drugs are possessed, sold, given away and otherwise furnished to divers persons whose names are to this affiant unknown . . . "

To support this pre-printed portion, affiant has typed in facts and details, as follows:

"On September 16, 1972, at 8:15 P.M. one Mary Vann purchased from defendant twenty-six (26) capsules, and the defendant stated to Mary Vann that they were a pain killer. The purchase was watched by Lt. Louis Bradley, Det. Lester Davenport, and investigator Tony Guerra, and that said purchase was made at the address listed above."

Although guidelines were set forth in Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), regarding requirements for affidavits and the issuance of search warrants based upon the rules imposed by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, these rules were relaxed in Pierce v. State, Okl.Cr., 491 P.2d 335 (1971), based upon United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). However, in 1972, this Court held in Coslow v. State, Okl.Cr., 495 P.2d 831, that even under the relaxed rules that:

" . . . when seeking a search warrant, the officer must set forth in language, under oath, that he has either personally observed a violation of the

law or the possession of contraband upon certain described premises, *detailing to such degree the minute particulars of these observations* sufficient to support an arrest without a warrant, or to show the probability that contraband or items used in the commission of a crime, or fruits of a crime, are on the described premises." [Emphasis added]

Had the officers, in the instant case, detailed the 26 capsules by describing the color—thus ruling out the possibility the capsules could have been APC or other non-controlled drugs which are "pain killers" and further indicated how far away the officers were and what they could see and hear—the affidavit would have been sufficient. Further, as stated in Coslow v. State, supra:

"We also direct attention to the 1971 Legislative enactment designed to cure the problems arising from oral testimony taken to supplement an affidavit for the issuance of a search warrant found at 22 O.S. § 1224.1:

'Before issuing a search warrant the judge may take oral testimony, sworn to under oath, supplemental to any affidavits. Provided, however, that such oral testimony shall be recorded, such record transcribed forthwith, and filed with the affidavits to · support the search warrant.'"

In the instant case, no oral testimony was taken, recorded and transcribed to supplement the search warrant. Thus, the affidavit of the present case fails to meet the sufficiency requirements set forth in Leonard v. State, supra, Pierce v. State, supra, or Coslow v. State, supra.

■ We observe, from an examination of Officer Bradley's testimony on the Motion to Suppress, taken before the Honorable Bill Haworth, District Judge, that Mary Vann was an informant and at the request of the authorities had purchased the capsules from the defendant. We further observe that the testimony on said hearing reflects that a color comparison of the capsules was made which could have

established the type of drug they contained. The marked bills provided Mary Vann to make the purchase and the testimony of Mary Vann as to the facts relating to the purchase, could have been sworn to before the Magistrate. The conversation between Mary Vann and the defendant was, according to the officer's testimony, not heard by him, but apparently communicated to him by Mary Vann. There was sufficient information within the knowledge of the officer and Mary Vann, who was at the courthouse at the time of the issuance of the search warrant, which could have been presented to the Magistrate establishing probable cause, but the failure to produce this evidence before the Magistrate, either by way of affidavit for the search warrant, or sworn testimony, leaves us no other alternative than to reverse and remand this case with instructions to dismiss, in light of the authorities cited above.

For all of the above and foregoing reasons, this cause is reversed and remanded with instructions to dismiss.

BLISS, P. J., and BRETT, J., concur.