Donald ADAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–451.

Court of Criminal Appeals of Oklahoma.

April 1, 1974.

Tom J. Amis, Meeker, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Donald Adams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Lincoln County, Case No. CRF–73–25, for the offense of Larceny of Domestic Animals. His punishment was fixed at a term of three (3) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Due to the nature of defendant's proposition, we do not deem it necessary to recite the facts.

The defendant's sole proposition of error asserts the Affidavit for Search Warrant was insufficient. The affidavit in the instant case states, in pertinent part:

"Your affiant is advised by Trooper Garry Pierce, O. H. P., that shortly after midnight, 12 March, 1973, Trooper Pierce stopped Donald Adams in the above described pickup about six miles south of Chandler on Highway 18 for a routine check. Mr. Adams was transporting five head of cattle and was traveling in a southerly direction. Mr. Adams advised Pierce that he was transporting the cattle from Perkins, Oklahoma, to Elmore City, Oklahoma. Pierce later noted that Adams was not proceeding in a southerly direction and requested that the pickup be stopped for further investigation.

Adams was later stopped by the Wellston Police Department and Pierce went to Wellston where the pickup was located. Upon arriving, Pierce noted that the cattle were gone from the pickup. Adams told Pierce that he had left the cattle on his aunt's farm but refused to show Pierce where the farm was located. Pierce then took Adams to Chandler for questioning. Later in the morning of 12 March, 1973, Ray Bishop, whose property is located five miles south of Chandler on Highway 18, discovered that his gate had been broken into by twisting the lock. Casts of tire tracks located on the Bishop property matched the tires on the above described vehicle. Pieces of rope located in plain view on the stock guards on the pickup appeared to match pieces of rope found on the Bishop property. Mr. Bishop has had cattle stolen on two previous occasions (March 5, 1973 and November 28, 1973) and the tire prints found on those occasions appear to match the tracks found on the morning of 12 March, 1973."

In the case of Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), this Court held in the first paragraph of the Syllabus:

"1. In order to meet constitutional standards required by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637, an affidavit for a search warrant must contain information sufficient to comply with one of the following requirements, either (a) Under oath, the officer must swear that he has personally observed contraband, or articles to be seized, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband, or items used in the commission of crime, or fruits of crime, are on the described premises; or

(b₁) If based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth in detail why the informant is deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliant, and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contra-

band or articles to be seized, upon the premises; or * * *"

We are, therefore, of the opinion, based on the standards set forth in Leonard v. State, supra, that the affidavit in the instant case set forth sufficient grounds for the magistrate to consider the informant, a police officer, reliable, and established probable cause for the issuance of the warrant.

Based on the foregoing, it is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.