**Billy Wayne HERNDON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F-74-315.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1975.

Don Hamilton, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., James D. Bednar, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Billy Wayne Herndon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case No. CRF–73–132, for the offense of Grand Larceny in violation of 21 O.S.1971, § 1701, After Prior Conviction of a Felony. His punishment was fixed at a term of five (5) years in the State penitentiary and a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced at the trial are that on April 4, 1973, at approximately 2:30 p. m., Bill Lewis, owner-operator of the M & P Store located in Shawnee, Oklahoma, was working in his office. He looked in his closed circuit television monitor and observed three men, two of whom were at the checkout stand No. 1 (one of these was the defendant) purchasing certain items. The third man was at checkout stand No. 2 removing the money from the cash register. After calling the police, Mr. Lewis got his gun and went out to the checkout stand and apprehended the three men. The man who took the money from the cash register attempted to hand the money to the defendant but the defendant would not take the money and it was dropped to the floor. The police then arrived and took the three men into custody.

Robert Newton, a Gilt Edge Farms deliveryman, testified that he observed the three men arrive at the M & P Store in the same automobile. He further testified that he observed the police "checking" the automobile after the three men had been arrested.

The defendant testified he was a brickmason helper for his father-in-law. On the morning in question he was looking for several laborers to work on a construction job at Yukon. He found Michael Gene Bonham and Gary Kent. Howell who agreed to go to work on the construction job. He knew another man (Roy Dunn) who lived in Shawnee and had worked for him before. The three men went to Shawnee. The defendant stopped at the M & P Store to look in a telephone directory for Mr. Dunn's address. Bonham accompanied the defendant into the store and bought some milk. After defendant looked in the telephone directory, he went to checkout stand No. 1 and purchased some cigarettes. The first time he was aware that Gary Howell was in the store was when Howell tried to hand him some money. He refused the money and walked away from Howell.

Defendant contends that certain cash register keys were improperly admitted into evidence over his objection. The basis of defendant's argument is that the keys were seized from the defendant's car as a result of a search pursuant to a search warrant issued some 24 hours after the defendant's arrest. The defendant contends that the affidavit for the search warrant was not sufficient, therefore, the search was illegal and the evidence seized was not admissible.

The affidavit provides in part:

"The undersigned being duly sworn deposes and says:

'That he has reason to believe that on the premises known as a 1965 Chevrolet convertible, dark blue in color, 1973 Oklahoma tag number XY 4273 belonging to Mrs. Billy Wayne Herndon and in the possession of Mr. Billy Wayne Herndon currently stored at Reids Garage, Shawnee, in Pottawatomie County of Oklahoma, there is now being concealed certain property, namely money, checks, banks slips, sales slips, personal property of Michael Gene Bonham and Gary Kent Howell which are evidence that Michael Gene Bonham and Gary Kent Howell participated in the grand larceny from M & P Grocery, Shawnee, Oklahoma, and that Herndon, Bonham and Howell participated in theft of $180 at an unknown location.

'And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: Your affiant is advised by Mr. Bill Lewis that at approximately 2:00 p. m., April 4, 1973, he observed the following by T.V. monitor located in the M & P Store in Shawnee. Two men were standing at the cash register which was being attended by Dian Hopkins and were blocking her view of another register. A third man took money from the register (later determined to be $960). Lewis

came to the front of the store and apprehended the three men, later identified as Billy Wayne Herndon (the man who took the money),[1] Michael Gene Bonham and Gary Kent Howell. Herndon tried to hand the money to the other two men but they did not take it as the money fell on the floor. Your affiant and officer Charles Bonard advised the subjects of their rights and Herndon advised that the above-described vehicle belonged to him and that the three men had come from Oklahoma City together in the car the same afternoon. When Herndon was arrested he had $180 folded in half and stuck in his left front pocket. Herndon advised that he is a bricklayer and had not worked in four or five days. Herndon's hands appeared clean and smooth. Bonham advised that he had been running with the other two subjects for about three years."

■ In the case of Leonard v. State, Okl.Cr., 453 P.2d 257 (1969), this Court held:

"1. In order to meet constitutional standards required by Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637, an affidavit for a search warrant must contain information sufficient to comply with one of the following requirements, either

"(a) Under oath, the oficer (sic) must swear that he has personally observed contraband, or articles to be seized, upon certain described premises, detailing to such a degree the minute particulars of these observations sufficient to support an arrest without a warrant, or to show the probability that contraband, or items used in the commission of crime, or fruits of crime, are on the described premises; or

"(b₁) If based upon hearsay information of a reliable informant, it must contain positive language, under oath, setting forth in detail why the informant is

---

[1]. Evidence presented at the trial revealed this man was Gary Kent Howell, and not the defendant.

deemed to be reliable in order that the magistrate can judicially determine whether the informant is, in fact, reliable, and should further set forth in detail whether the informant, himself, observed the violation, or the presence of contraband or articles to be seized, upon the premises; or

"(b 2) Under certain circumstances a reliable informant may base his statements that contraband is located on certain described premises if the affiant discloses that the belief of the reliable informant is based upon an admission of one of the principals maintaining or keeping such contraband on the premises."

We first observe that the affidavit fails to comply with one of the above three requirements. The evidence reveals that the defendant and the other two co-defendants were taken into custody at the M & P Store and never returned to the car which was the subject of the search. We can therefore not conceive of what evidence used in the commission of the crime of Grand Larceny, under the facts of this case, could have been concealed in the auto searched. Moreover, we observe that there is nothing in the record to support the assumption that the car and its contents were preserved and protected in the same state in which it was seized and nothing to show that it was kept beyond the reach of unauthorized persons, during the 24-hour period prior to the issuance of the defective search warrant and its execution.

■ It is our opinion that the affidavit for search warrant was insufficient to support the issuance of the search warrant and, therefore, any evidence seized as a result of the search warrant was inadmissible. As we review the record, it appears that the question of guilt or innocence of the defendant is a close one. Therefore, the likelihood of the jury having been swayed by the introduction of the cash register keys is very strong. It is our opinion in the interest of justice that this

cause should be, and the same hereby is, reversed and remanded, with instructions to grant defendant a new trial.

Reversed and remanded with instructions.

BLISS, P. J., and BRETT, J., concur.