**Virgil Pinkston McCANN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17348.**

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1972.

Max Oyler, Oklahoma City, for appellant.

Roy H. Semtner, Municipal Counselor, James G. Hamill, Asst. Municipal Counselor, Merle K. Garrett, Legal Intern, for appellee.

## OPINION

BRETT, Judge.

Appellant, Virgil Pinkston McCann, hereinafter referred to as defendant, was convicted in the Municipal Criminal Court of Oklahoma City, Case No. 11697, of possession of gambling paraphernalia, and sentenced to ninety days in jail and a fine of $100.00. Judgment and sentence was imposed on November 19, 1971, and this appeal perfected therefrom.

It was charged by information that the defendant did on December 1, 1970, hold in his possession in Room 600 at 15 N. Broadway in Oklahoma City, a supply of bet slips and racing forms, for the purpose of using the same in the commission of the crime of gambling, gaming or betting. The evidence established that Oklahoma City Police Officers, Swindler and Satterfield, pursuant to a search warrant, on December 1, 1970, entered Room 600 at the Roberts Hotel, 15 N. Broadway, Oklahoma City. In the room the officers found the defendant, three telephones, three racing forms, an adding machine, 58 bet slips, and one lined sheet.

Defendant contends that the search warrant was invalid since the affidavit for search warrant did not state probable cause to search Room 600.

The material portion of the affidavit, sworn to by Officer Swindler, reads as follows:

"On 11/30/70, I was contacted by Chief Liebegott of the Oklahoma City Fire Department, who stated that on 11/20/70, at approximately 1:57 p. m., they answered a call to Room 805 of the Roberts Hotel, located at No. 15 N. Broadway, this being a mattress fire. That they observed in this room, three telephones and also a number of racing forms, and other material which they believed to be used in a bookmaking opera-

tion. And that due to the smoke damage to the room, that the occupant would have to be moved. On 11/30/70, I checked the Roberts Hotel and found that the occupant of Room 805, who had given his name to the fire department as C. L. Lewis, had moved to Room 600 and that the subject C. L. Lewis is Virgil McCann, who has a lengthy record with this department as a gambler and bookmaker."

On the motion to suppress, Bill Liebegott, an Oklahoma City Fireman, testified that on November 26, 1970, there was a mattress fire in the Roberts Hotel on the eighth floor. Fireman Liebegott entered Room 805, among other rooms, in order to open windows to allow smoke to be cleared out of the building. While in the room, Fireman Liebegott noticed three telephones, one racing form, and some scratch pads. While there the fireman saw no one and did not notice what was on the scratch pads or racing form. According to the fireman, the racing form was a normal "newspaper-type racing form." Fireman Liebegott did not know the room's occupant, or to whom the room was registered. Subsequent to making these observations, Fireman Liebegott notified the police department.

Officer Swindler testified that he received the phone call from Fireman Liebegott relating his observations in Room 805 of the Roberts Hotel during a fire several days previous. The officer then learned that Room 805 was registered to C. L. Lewis. Unable to find this name in a criss-cross directory as living at the Roberts Hotel, the officer said he personally checked the records of the hotel and determined that this party had moved from Room 805 to Room 600, and that C. L. Lewis was in fact Virgil McCann, defendant. Knowledge of this move was gained "from a reliable informant." The trial court overruled the motion to suppress, finding that the "affidavit does substantially and legally meet" constitutional requirements.

■ A search warrant shall not be issued except upon the showing of probable cause to the magistrate. 22 O.S.1971, § 1223. Oklahoma Constitution, Article II, § 30. United States Constitution, Fourth Amendment. To determine whether the probable cause required to support a warrant exists, the magistrate "must judge for himself the persuasiveness of the facts relied upon by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion." Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L. Ed.2d 1503 (1958). Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). A "simple assertion of police suspicion is not itself a sufficient basis for a magistrate's finding of probable cause." Spinelli v. United States, 393 U.S. 410, 418, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969).

■ As we view this case, the sufficiency of the affidavit does not turn upon a showing of whether an informant "was 'credible' or his information 'reliable'." Aguilar v. Texas, supra, 378 U.S. at 114, 84 S.Ct. at 1514. This is not a situation in which the affiant-officer relied upon information from an undisclosed informant. The informant, Fireman Liebegott, was named and disclosed. The inherent problem in dealing with the reliability of an undisclosed informant, presented in the Aguilar and Spinelli cases, simply is not an issue in this case. Thus, we find no fault with the affidavit in the instant case for failing to allege facts to establish that the named informant was credible and his information reliable. Rather the question is simply whether there was a sufficient showing to establish probable cause to issue a warrant for Room 600.

In essence the affidavit alleged that on November 26th the fireman observed in Room 805 three telephones and a racing form; on November 30th a check with the hotel indicated that the occupant of Room 805, C. L. Lewis, had moved to Room 600; and that C. L. Lewis was the defendant who had a "record" as a bookmaker and

gambler. There were no allegations in the affidavit as to how it was determined that C. L. Lewis was the defendant. Nor were there allegations as to what constituted the "record" of defendant as a gambler and bookmaker. There was nothing in the affidavit, nothing said before the magistrate issuing the warrant, nothing presented on the motion to suppress, and nothing said at the trial, which would indicate that the defendant had ever been convicted of gambling or bookmaking. The only reference to any conviction came just before imposition of sentence, when the sentencing judge observed that the defendant had "whiskey convictions."

The fireman saw no illegal activity or contraband while in Room 805. According to the fireman, and the affiant-officer, there is nothing illegal about having more than one telephone. Having more than one telephone is not only legal, it may be necessary to a number of legitimate endeavors, such as a telephone answering service. Frequently candidates for office use a battery of telephones. The court stated in Spinelli v. United States, supra, that "there is surely nothing unusual about an apartment containing two separate telephones." 393 U.S. at 414, 89 S.Ct. at 588. Although having three telephones in a room may not be customary, and is possibly suspicious, such is not in and of itself a crime.

The racing form seen by the fireman was, according to him, the normal newspaper-type. The affiant-officer related that this type racing form could legally be purchased at newsstands. The racing form itself was not an illegal item. This observation by the fireman in Room 805 of these lawful items, without more, does not provide probable cause to believe a crime was being committed. This is quite different from a situation where contraband such as firearms or narcotics are observed. The affidavit states no reason to believe that the items seen in Room 805 were being used in an illegal activity.

■ Even if the items in Room 805 indicated possible criminal activity, they do not provide reasonable cause to believe that there was likewise criminal activity in Room 600. The affidavit did not allege that the telephones had been moved from Room 805 to Room 600, only that the occupant moved. Cause to search one place is not necessarily cause to search another place.

As to the allegation that C. L. Lewis was the defendant, the affidavit contains no supporting details. The examining magistrate is left with the affiant-officer's conclusion. Likewise, there was nothing to support the affiant-officer's conclusion that defendant had a record as a gambler. There was no allegation that defendant had previously been convicted of a gambling violation. For that matter, there was no allegation that the defendant had previously been convicted of any crime. These circumstances parallel the facts in Spinelli v. United States, supra, when the Supreme Court observed "the allegation that Spinelli was 'known' to the affiant and to other federal and local law enforcement officers as a gambler and an associate of gamblers is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision." 394 U.S. at 414, 89 S.Ct. at 588. Accordingly, in considering the sufficiency of the affidavit, little weight can be given the mere assertion, absent supporting facts, that the defendant has a record as a gambler.

■ At best the affidavit raises a mere suspicion of possible activity in Room 805, which might occur in Room 600 five days later, since both rooms were registered to the same man. But suspicion does not rise to the dignity of probable cause. As the Supreme Court noted in Spinelli v. United States, supra, "just as a simple assertion of police suspicion is not itself a sufficient basis for a magistrate's finding of probable cause, we do not believe it may be used to give additional weight to allegations that

would otherwise be insufficient." [1]   393 U. S. at 418–419, 89 S.Ct. at 590.

We therefore conclude that the trial court erred in denying defendant's motion to suppress as the affidavit for the search warrant was insufficient to establish the necessary probable cause for issuance of a warrant, which renders the warrant invalid and the evidence obtained thereby inadmissible.

Reversed and remanded.

BUSSEY, P. J., concurs in result, BLISS, Jr., J., concurs.

1. In United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), the majority distinguished *Spinelli*, but did not overrule it.  We find nothing in *Harris* that would elevate suspicion to probable cause.