Donald PATTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17623.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1973.

Housley & Steidley, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden III, Legal Intern, for appellee.

PER CURIAM:

Appellant, Donald Patton, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pittsburg County, Case No. F–71–247, for the crime of Cultivation of Dangerous Substance. He was sentenced to serve a term of four (4) years in the state penitentiary and pay a fine of One Thousand Dollars ($1,000.00) in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

The pertinent facts are that the prosecution for the crime of cultivation of dangerous substance was based upon the fruits of a search conducted pursuant to a search

warrant issued by the District Court upon affidavit of a Pittsburg County Deputy Sheriff. The affidavit states, in part:

"(Affiant) believes and has reliable information given to him by an informant, on whose information he has depended in the past, and whose information has proved correct heretofore, that there is certain contraband concealed on or about the . . . described property, and that said property is now in the possession of . . . Donald Ray Patton; that said Informant has also provided said Affiant with information that there are certain dangerous drugs now contained or concealed on the above described premises, and therefore Affiant believes there is probable cause to believe that Informant's information is true and correct, and he does so believe . . ."

■ It will only be necessary for us to consider defendant's first proposition on appeal, namely, that the affidavit upon which the search warrant was issued was constitutionally insufficient. The standard for constitutional sufficiency of the affidavit for a search warrant as announced by the Supreme Court of the United States is that the affidavit must inform the Issuing Magistrate of some of the underlying circumstances from which the informant concluded that the articles [here marihuana plants] were where he claimed they were, and some of the underlying circumstances from which the Affiant concluded that the Informant was credible or that his information was reliable. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ In subsequent cases in the Supreme Court of the United States, and in this Court, the standard has been elucidated. At first it was thought that some express facts to show the basis for crediting the Informant must be set forth in the affidavit; the recent decisions merely require that sufficient reason, taking the affidavit as a whole, appear from which the Magistrate can determine that the Informant's tip was reliable. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Pierce v. State, Okl.Cr., 491 P.2d 335 (1971); Barnes v. State, Okl.Cr., 498 P.2d 408 (1972).

■ In the instant case, no such reasons upon which a Magistrate can base a neutral finding of probable cause to issue a search warrant appear. The affidavit merely states that the Informant has given the Affiant a tip that contraband items and dangerous drugs are located at defendant's home, and that the Informant has been reliable in the past. This is insufficient. To confer sufficiency it would have been necessary for some of the underlying facts to have been presented to the Magistrate for his consideration. Such facts could include: that Informant had seen plants, which he knew of his own knowledge were marihuana, at defendant's home; that Informant had purchased plants from defendant, had seen defendant purchase plants; that defendant had pointed out the plants to Informant and identified them as marihuana; etc. The range of facts that could have been presented is limitless, and the above are presented only as examples of the sort of facts necessary to permit the Magistrate to make a proper evaluation of the probable cause situation. These facts could have been presented to the Magistrate either in the affidavit, or as evidence at a hearing on whether the search warrant should issue. This additional information must be shown to have been communicated to the Magistrate prior to the issuance of the warrant. Leonard v. State, Okl.Cr., 453 P.2d 257 (1969). No such showing has been made here as no such additional information appears in the record.

We never reach the question of the credibility of the Informant. Although *Harris, supra,* amply demonstrates that the facts sufficient to show probable cause for belief that defendant has committed a crime may also go to show the credibility of the Informant, without independent corroboration of that credibility, in the instant case

it appears that the Magistrate was presented with no facts at all upon which to base conclusions as to probable cause.

Since defendant raised his objection to the search warrant at every opportunity, and has made the same a basis for this appeal, he has not waived the objection and it is properly before us. We hold the affidavit for search warrant insufficient, thus rendering the warrant void *ab initio*. This being the case, the fruits of the search are inadmissible in any criminal prosecution against the defendant. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Also, those items seized under the warrant and not contraband, are to be returned to defendant at the place from which taken, or at such other place as he may designate within the County of Pittsburg. The case will be remanded to the District Court of Pittsburg County with instructions to supervise the return of personalty and to dismiss.

For all of the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, reversed and remanded with instructions to dismiss.