Chubby Jack **KINSEY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–78–414.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1979.

As Corrected Dec. 6, 1979.

---

Kenneth Butler, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Chubby Jack Kinsey, was convicted in the District Court, Okmulgee County, Case No. HCRF–77–21, for the offense of Knowingly Concealing Stolen Property, to wit: sacks of livestock feed. Punishment was fixed by the jury at one (1) year in the Okmulgee County jail.

■ Our disposition of the appellant's third assignment of error makes a detailed discussion of the facts and other assignments of error unnecessary. The appellant's third assignment of error concerns the validity of the search warrant used to obtain evidence which resulted in his conviction. Although the appellant also argues that the description of the items in the affidavit upon which the warrant was based were inadequate, we feel the central issue is whether the warrant amounted to a *"general warrant"* which is constitutionally im-

permissible. The language of the warrant listed the following property: ".25 cal. pistol; C.B. radios; aerials and equipment; livestock feeds; chain hoist; jewelry; two (2) wristwatches; .22 rifle with scope; portable, battery operated TV; and *other stolen property.*" (Emphasis added)

In *Stanford v. Texas,* 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965), Justice Stewart outlined the history preceding the adoption of the Fourth Amendment and the disdain for the use of the general warrant. Justice Stewart then quoted the following language from *Marron v. United States,* 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927):

> "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, *nothing is left to the discretion of the officer executing the warrant.*" (Emphasis added)

In *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), the Court was faced with determining whether a search warrant was invalid as a general warrant. The warrant directed officers to seize numerous specific documents relating to the sale of lot 13, block T and concluded with this language, ". . . together with other fruits, instruments and evidence of crime at this [time] unknown." See footnote 10 of *Andresen v. Maryland,* supra. In upholding the validity of the search warrant, the Court stated that by reading the challenged language in context one finds that the search warrant was limited in scope to "the crime of false pretenses with respect to Lot 13T." Thus, officers were not authorized to conduct a general search for evidence of other criminal activity unrelated to that outlined in the search warrant.

In the present case, the search warrant authorized a search for property relating to the crime of concealing stolen property. The use of the phrase "and other stolen property" is not limited to the offense outlined in the warrant but instead authorizes a general search for other property that may be stolen, the possession of which would constitute separate and distinct offenses.

More recently, the Supreme Court has faced this issue in *Lo-Ji Sales, Inc. v. New York,* —— U.S. ——, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979). In that case, an investigator purchased two reels of film. Based on a viewing of the films, a search warrant was issued particularly describing the above films and authorizing seizure of "the following items which the court independently [on examination] has determined to be possessed in violation of Art. 235 of the penal law." The Town Justice then accompanies officers to the petitioner's place of business and reviewed and ordered to be seized 397 magazines and 431 reels of film. Those items seized were then inventoried and listed on the search warrant. The Court dismissed the argument that the presence of the Town Justice could save the invalid search warrant:

> "Once in the store he conducted a generalized search under authority of an invalid warrant; he was not acting as a judicial officer but as an adjunct law-enforcement officer."

The Court condemned the search warrant as being open ended and leaving the determination of what was obscene entirely in the discretion of those conducting the search. This directly contravenes the Fourth Amendment requirement that things to be seized must be particularly described. Even though the warrant above was "open ended," we can see little distinction between leaving a blank page to be filled in rather than simply stating "and other obscene material." In either case, the result is the same; the person conducting the search has unlimited discretion in determining what matter is to be seized.

As stated in *Coolidge v. New Hampshire,* 403 U.S. 433, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971):

"The second distinct objective [in requiring a warrant] is that those searches deemed necessary should be as limited as possible. Here, the specific evil is the 'general warrant' abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings."

The search warrant in this case did not limit the discretion of the officer;[1] it did not limit the officers to a search for items named as constituting the offense; and it allowed a general rummaging search of the appellant's home.[2] As in *Lo-Ji Sales, Inc. v. New York,* supra, the unlimited language of the warrant rendered the warrant invalid. This invalidity tainted all items seized without regard to whether or not the items were named in the warrant.[3]

For these reasons, we find that the trial court should have sustained the appellant's motion to suppress all items seized under the invalid search warrant. This cause is, therefore, *REVERSED* and *REMANDED* to the trial court for disposition not inconsistent with this opinion.

1. Prior to trial, a hearing on the appellant's motion to suppress was held. Officer Hammer gave the following testimony as the officer who conducted the search:

   "Q. Well, now Mr. Hammer, on Exhibit A which is attached to the search warrant [an inventory of items seized], what reason did you have to believe any of these items were stolen that were taken other than the livestock feed?

   \* \* \* \* \* \*

   "Q. My question Mr. Hammer, is for instance number forty (40), electric drills, no one had reported these drills stolen to you, had they?
   "A. To me no, sir.
   "Q. Had they reported them stolen to any deputy?
   "A. I don't know.
   "Q. You took that item out of the house?
   "A. Yes, sir.
   "Q. Along with all of the other items listed here whether or not they were reported stolen, they were taken out of the house, weren't they?
   "A. Well, when we found some of the items that we know came from Smith's place and different items, we just assumed that these—possibly this other was stolen.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

"Q. You assumed that and you confiscated the property, didn't you?
   "A. Yes, sir."

2. This is evidenced by the fact that the officers seized 46 types of property, including the purse of the appellant's wife.

3. The State attempted to establish that those items introduced at trial were in plain view and that the officers knew they were stolen. However, the previously quoted testimony indicates that the officers were taking full advantage of the language of the warrant to seize items they "assumed" were stolen. To justify seizing an object in "plain view" it must be immediately apparent that it is evidence of a crime. *Coolidge v. New Hampshire,* 403 U.S. 433, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Also, the officer must have a prior justification for his presence before plain view will apply. Here, the prior justification is the invalid warrant couched in the same language as the officer's affidavit. The justification cannot be based on the invalid warrant even though the officer believed the warrant was valid. *Green v. United States,* 386 F.2d 953 (10th Cir. 1967).