Johnny Lee SANDERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–671.

Court of Criminal Appeals of Oklahoma.

March 28, 1980.

As Corrected April 16, 1980.

Frank R. Courbois, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Johnny Lee Sanders, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–77–809, for the offense of Possession of a Controlled Dangerous Substance With Intent to Distribute, After Former Conviction of a Felony, in violation of 63 O.S.Supp. 1975, § 2–401. His punishment was fixed at thirty (30) years' imprisonment. From said judgment and sentence an appeal has been perfected to this Court.

The defendant asserts two assignments of error, only one of which we deem necessary to discuss in this opinion. The defendant contends that the magistrate erred in issuing the search warrant, based on an inadequate affidavit, and that the trial court erred in overruling defendant's motion to quash the warrant and suppress the evidence. We agree.

The officers obtained search warrants to search the defendant's place of business at 1730 N.E. 23 Street, Oklahoma City, Oklahoma, and his residence at 4317 N.W. 18 Street, Oklahoma City, Oklahoma. The contraband which was the basis of his prosecution was found at the defendant's residence. The affidavit upon which the search warrants were issued states as follows:

"John F. Madinger, being duly sworn deposes and says that on or about September 4, 1976, a Confidential Informant, JFM–005, who is of proven reliability and who has given information and assistance leading to the arrests of approximately 18 persons in OBNDD cases, Oklahoma County District Court numbers: [18 cases listed]

"informed the affiant that Johnny Lee Sanders and his wife, Vernice, were involved in heroin and cocaine trafficking by obtaining heroin and cocaine from California and bringing it to Oklahoma City, where it was diluted and packaged for sale in Oklahoma City. The Confidential informant also stated that Sanders was the proprietor of 'Johnny's Shine Parlor', 1730 N.E. 23rd Street, Oklahoma City, Oklahoma County, of the State of Okla-

homa. The CI told the affiant that Sanders drove a late model white Buick Electra 225 with a radio/telephone antenna. The CI told the affiant that Sanders kept the premises at 1730 N.E. 23rd open for heroin and cocaine transactions and that Sanders' wife, Vernice Sanders, sold heroin for her husband in rubber, penny-sized balloons from behind the counter in the shop.

"The affiant determined through telephone and utility records that Sanders is the tenant at 1730 N.E. 23rd, and is the proprietor of 'Johnny's Shine Parlor'. The affiant located Sanders' vehicle through tax commission records and identified this vehicle as a 1975 Buick 4–door, bearing 1976 Oklahoma tag XC–5412. The affiant subsequently located the above-described vehicle in front of 1730 N.E. 23rd Street. The VIN of this vehicle is 4X39T5H497116, registered to Johnny Lee Sanders. The affiant subpoenaed records from Southwestern Bell Company and confirmed that there was, in fact, a radio–telephone located in this vehicle listed to Johnny L. Sanders, and these records also disclosed an unusually large number of long distance telephone calls to California made from Sanders' residence telephone at 4317 N.W. 18th Street, Oklahoma City, Oklahoma County, of the State of Oklahoma.

"On December 16, 1976, at approximately 9:00 PM, the affiant parked north of the above-described address and observed Johnny Lee Sanders and an unidentified black male walk to the aforementioned vehicle which was parked in front of 1730 N.E. 23rd Street and open the trunk. Sanders removed a very small object and gave this to the second individual. Sanders then closed the car's trunk and walked away. It is the affiant's opinion, based on my professional training and experience, that the actions I observed were that of an illegal drug transaction.

"In my official capacity, the affiant was informed that the Midwest City Police Department and the Tri-Agency Narcotics Unit of Clinton, Oklahoma, had made a purchase of one rubber, penny-sized balloon containing heroin from Johnny Sanders at 1730 N.E. 23rd, in December of 1976, and, as a result, he was subsequently charged in Oklahoma County with Illegal Distribution of CDS (Heroin) under CRF 76 4610.

"On December 17, 1976, the affiant was contacted by the manager of the T.G. & Y. Store at 429 N.W. 10th Street, Oklahoma City, Oklahoma. The manager of the store stated that, on that date, a black female who matched the description of Vernice Sanders came to the store in a white Buick Electra with two black males. The manager of the store recorded the tag number of the car and showed it to the affiant, the number being XC–5412 (Oklahoma 1976). The black female entered the store and purchased $12.00 worth of rubber, penny-sized balloons of the exact type and description described by the Confidential Informant JFM–005 as being used by Johnny Lee Sanders and Vernice Sanders as containers for heroin, being distributed at 1730 N.E. 23rd Street. The black female took the balloons to the car and placed them in the trunk, thereafter driving away.

"During the month of January 1977, the affiant developed information through a second Confidential Informant JFM–011, that Sanders was continuing to deal heroin at 'Johnny's Shine Parlor'. This Informant also stated that he could purchase heroin in rubber, penny-sized balloons at the 'Shine Parlor', from Johnny Lee or Vernice Sanders.

"The affiant conducted controlled informant buys in which the informant was thoroughly searched, provided OBNDD Official Advanced Funds, and kept under constant surveillance by the affiant and other OBN agents, and in this manner, the informant, JFM–011, was utilized. On February 9 and February 16, 1977, on each occasion the informant returned from the 'Shine Parlor' with one or more colored rubber, penny-sized balloons of the exact type and description as those described by JFM–005 and those purchased by the occupant of Sanders' vehi-

cle on December 17, 1976, at the T.G. & Y. Store. These balloons purchased by the informant JFM–011 were each found, upon laboratory examination, to contain heroin. The informant stated that each of these purchases were made from Mrs. Sanders in the presence of Mr. Sanders. "In the aforementioned controlled buys made by Informant JFM–011 and additional controlled buys on February 5, 6, and 23, Official Advanced Funds on the OBN were used to purchase these Controlled Dangerous Substances. Prior to each transaction, the serial number of each and every Federal Reserve Note was recorded by the affiant. A list of these notes will be attached to this Affidavit. "Further the affiant has reason to believe that heroin contained in the rubber, penny-sized balloons, records pertaining to the distribution of this heroin, diluting materials, containers, and records pertaining to the ownership of 'Johnny's Shine Parlor' 1730 N.E. 23rd Street, Oklahoma City, Oklahoma County, of the State of Oklahoma, and official State monies used in drug transactions received by the defendants Johnny Lee Sanders and Vernice Sanders, is now concealed in 'Johnny's Shine Parlor', located at 1730 N.E. 23rd Street, Oklahoma City, Oklahoma County, of the State of Oklahoma. "Wherefore, the affiant prays that a search warrant be issued upon this affidavit by the magistrate to whom the same is made directing and commanding any peace officer in Oklahoma County of the State of Oklahoma, forthwith, according to law, at any time of the day, to search the premises hereinabove described for the contraband hereinabove specified and described, and, if any or all of the said contraband be found upon search, to seize the same."

Although the affidavit does set forth probable cause to justify the issuance of a search warrant for "Johnny's Shine Parlor," it totally fails to set forth sufficient facts to establish probable cause for the search of the residence. The only mention of the residence occurs in paragraph three of the affidavit, as follows:

"[A]nd these records also disclosed an unusually large number of long distance telephone calls to California made from Sanders' residence telephone at 4317 N.W. 18th Street, Oklahoma City, Oklahoma County, of the State of Oklahoma."

The residence is not referred to again in the affidavit, not even in the prayer for the issuance of the search warrant. The affidavit is totally devoid of any allegation or even inference that contraband was present in the residence.

The Attorney General attempts to justify the issuance of the search warrant on our holding in *Bollinger v. State*, Okl.Cr., 556 P.2d 1035 (1976). We are of the opinion that *Bollinger* is clearly distinguishable from the instant case. In *Bollinger*, the police obtained a search warrant to search a suspect's house for his clothing worn in an assault and battery with deadly weapon prosecution. In upholding the validity of the search, we recognized that "the logical inference is that a criminal, who believes his identity has been concealed, would return his clothing and property to his home." The distinction between the two cases is that in *Bollinger* the affidavit set forth sufficient information from which a proper inference could be made that the clothing would be found at the suspect's house where he would most likely undress. The affidavit further prayed that a search warrant be issued for the search of the house. In the instant case, no logical inference may be drawn from the facts set forth in the affidavit that the defendant possessed contraband in his home. To the contrary, the affidavit specifically stated that all of the transactions involving the sales of contraband occurred in or near his place of business. In addition thereto, the affidavit in the instant case does not even pray that a search warrant be issued for a search of the defendant's residence.

Inasmuch as the affidavit totally fails to show any probability that the contraband, or items used in the commission of the crime, or the fruits of the crime were concealed in the defendant's residence, we

must conclude that the search warrant was improperly issued. See *Leonard v. State*, Okl.Cr., 453 P.2d 257 (1969), *Coslow v. State*, Okl.Cr., 495 P.2d 831 (1972), and *McCann v. State*, Okl.Cr., 504 P.2d 432 (1972).

The judgment and sentence is *REVERSED* and *REMANDED*.

CORNISH, P. J., and BRETT, J., concur.