Clifford Ferrell FEASTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–358.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1981.

Rehearing Denied Nov. 17, 1981.

Warren H. Crane, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

The appellant was convicted of Robbery in the Second Degree in Case No. CRF–79–311 in the District Court of Comanche County. He was sentenced to three (3) years' imprisonment.

The sole issue is whether the appellant's confession was obtained pursuant to an illegal arrest. Its resolution turns on the reasonableness of the warrantless arrest made in the appellant's dwelling at night.

As the Supreme Court has stated, the "warrantless arrest of a person is a species of seizure required by the [Fourth] Amendment to be reasonable." *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

In *Payton*, the Supreme Court held that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. That holding would control here had there been no consent to the police entry. The woman with whom the appellant was living, however, gave the arresting officer permission to enter the dwelling. And, she did this knowing his identity and purpose.

In *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court held that permission to search given by a third party who had common authority over the premises was sufficient to justify a warrantless search. That holding is dispositive here. The intrusiveness of entries to search and entries to arrest share a fundamental characteristic: the breach of the entrance to an individual's home. *Payton v. New York, supra,* at 445 U.S. 589, 100 S.Ct. at 1381. It is reasonable to recognize that when one co-habitates with another, he assumes the risk that his co-inhabitant might permit such entries. *See, United States v. Matlock, supra,* 415 U.S. 171, at n.7, 94 S.Ct. 993, at n.7.

We therefore conclude that the sanctity and integrity of the appellant in his residence was not unreasonably invaded where the police entered with the permission of his co-inhabitant. The confession was therefore incident to a lawful arrest. Judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.