**Thomas Fredrick NORRIS and Melody Jane Norris, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–167.**

Court of Criminal Appeals of Oklahoma.

Feb. 18, 1982.

Michael Gassaway, Miskovsky & Gassaway, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief of Crim. Div., Tomi Lou Gentry Liddell, Legal Intern, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The decisive issue before us is the validity of the search warrant used to seize films and business records. The appellants argue that the search warrant was fatal in two respects:

(1) That it was a "general warrant," and

(2) The magistrate did not have sufficient facts before him to issue the warrant.

The appellants allegedly owned the "23rd Street Cinema X Theatre." The theatre was in the business of showing sexually explicit films to the public. On May 21, 1979, Officer Milan entered Cinema X and viewed the movie "French School Girls" along with four other films. He subsequently signed an affidavit which was presented to the magistrate.

Based upon Milan's affidavit, the magistrate issued a warrant to search the 23rd Street Cinema X Theatre. The search warrant authorized the seizure of "[f]ilms, being The French School Girls; The Sex Clinic; Superman; Devil Ecstasy; Felicia; *also records pertaining to the operation of the "23rd Street Cinema X" and items of personal property which tend to establish the ownership of the "23rd Street Cinema X"* (emphasis added).

First, we note that the appellant does not contest the validity of that portion of the search warrant dealing with the five enumerated films. The sexual activity described in the police officer's affidavit established probable cause to believe that the films were obscene. Additionally, these five films were particularly described in the search warrant. Therefore, we will only address the portion of the warrant authorizing the seizure of records and personal property tending to establish ownership.

The Oklahoma Constitution provides that [t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized. Okla. Const. Art. 2, § 30. This language closely parallels the Fourth Amendment to the United States Constitution.

The only reference in the officer's affidavit pertaining to the records and personal property establishing ownership was the conclusory statement requesting "records pertaining to the operation of the '23rd Street Cinema X' and items of personal property which tend to establish the ownership of the '23rd Street Cinema X.'" The officer did not allege any facts which could enable the magistrate to determine whether there was probable cause to believe the records and personal property were located at the 23rd Street Cinema X. Additionally, the affidavit did not establish probable cause to believe that the evidence sought would assist the State in obtaining a conviction. *See Warden v. Hayden*, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

After carefully reviewing the affidavit, we find it to be inadequate to establish probable cause for the search and seizure of "the records pertaining to the operation of the 23rd Street Cinema X" or "items of personal property which tend to establish" its ownership. The affidavit is devoid of any factual allegations or possible inferences that records or personal property tending to establish ownership were present at the 23rd Street Cinema X.

Therefore, that portion of the search warrant authorizing the seizure of records and items of personal property establishing ownership was invalid. *Sanders v. State*, 610 P.2d 247 (Okl.Cr.1980); citing, *McCann v. State*, 504 P.2d 432 (Okl.Cr.1972); *Coslow v. State*, 495 P.2d 831 (Okl.Cr.1972); and *Leonard v. State*, 453 P.2d 257 (Okl.Cr. 1969).

We now address the question of whether this constitutional defect in the search warrant tainted the entire search warrant. We

find that the invalid portion of the warrant is severable from the valid portion of the warrant which authorized the seizure of the five named films.

Most jurisdictions which have addressed the issue have adopted the rule of severability. *See*, 2 LaFave, *Search and Seizure*, § 4.6(f) (1978). The case most frequently cited in support of this rule is *Aday v. Court of Alameda County*, 55 Cal.2d 789, 13 Cal. Rptr. 415, 362 P.2d 47 (1961). In *Aday* the Supreme Court of California noted:

> Although the warrant was defective in the respects noted, it does not follow that it was invalid as a whole. Such a conclusion would mean that the seizure of certain articles, even though proper if viewed separately, must be condemned merely because the warrant was defective with respect to other articles. The invalid portions of the warrant are severable from the authorization relating to the named books, which formed the principal basis of the charge of obscenity. The search for and seizure of these books, if otherwise valid, were not rendered illegal by the defects concerning other articles.

We hold that the adoption of the rule of severability is in the best interests of justice. In this case, the portion of the warrant authorizing a search for the five enumerated films was issued upon probable cause and did with particularity describe the items to be seized. Therefore, the trial court did not err by failing to suppress the films. However, we note that severability is not appropriate in every case. *See Kinsey v. State*, 602 P.2d 240 (Okl.Cr.1979). The *Aday* court appropriately warned:

> We recognize the danger that warrants might be obtained which are essentially general in character but as to minor items meet the requirement of particularity, and that wholesale seizures might be made under them, in the expectation that the seizure would in any event be upheld as to the property specified. Such an abuse of the warrant procedure, of course, could not be tolerated. *Aday, supra*, 55 Cal.2d at 789, 13 Cal.Rptr. at 420, 362 P.2d at 52.

In this case, several documents and items of personal property were seized pursuant to the invalid portion of the warrant, i.e., a box of legal documents, personal papers, and a set of keys. This evidence was introduced at trial to prove that Norris owned the "23rd Street Cinema X." The appellants introduced evidence tending to show that the theatre was owned by Ronald Washington. Under Title 21 O.S.1971, § 1021(3), the State must prove that the accused was the person exhibiting the obscene films. We are unable to speculate whether the jury would have found that the appellants were the persons exhibiting the obscene films, absent the improperly admitted evidence. Therefore, we find the admission of the evidence seized pursuant to the invalid portion of the warrant was improper.

This case is REVERSED AND REMANDED for a new trial.

BRETT, P. J., concurs.

BUSSEY, J., concurs in part and dissents in part.

BUSSEY, Judge, concurring in part and dissenting in part:

While I am in accord with that portion of the majority opinion that upholds the validity of the affidavit and search warrant in so far as the films seized are concerned; however, I believe it is reasonable to assume that at a place of business, open to the public and requiring cash before admission, books and records would be maintained on the premises that would tend to establish the identity of the operator of the business. Those books and records, like latent fingerprints, could not be discernable to the ordinary theatre patron. It is not unreasonable to assume that records relating to the operator would probably be present. Having established probable cause that the obscene films were on the described premises, there was also probable cause to believe that "the records pertaining to the operation of the 23rd Street Cinema X" or "items of personal property which tend to establish" its

ownership, were also present on the premises. They were described with sufficient particularity so as not to render either the affidavit or the search warrant as general. I would affirm the conviction.