**Robert Adam BROWN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–257.**

Court of Criminal Appeals of Oklahoma.

April 26, 1982.

Adams & Adams, Joseph Q. Adams, Catoosa, for appellant.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., Tomilou Gentry Liddell, Legal Intern, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant, Robert Adam Brown, was charged with First Degree Murder in the District Court of Rogers County, tried before a jury and convicted of Second Degree Murder. The jury set punishment at ten (10) years to life imprisonment in the State penitentiary. Judgement and sentence were entered accordingly and the appellant now appeals.

The appellant alleges as his first assignment of error that his arrest was illegal as it was not based on probable cause. In *Little v. State*, 627 P.2d 445 (Okl.Cr.1981), we held in reference to this issue:

> To determine whether there is probable cause, the court must look at the time of the arrest and examine the facts and circumstances within the knowledge of the arresting officers at that moment, that is, whether the officers had reasonably trustworthy information sufficient to warrant the belief of a prudent person that the arrestee had committed or was committing a felony. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979) and 22 O.S.Supp. 1980, § 196.2

A review of the record in the instant case reveals that at the time of the arrest the officers had seen the victim lying on a

roadside and determined that she was dead. They had talked with several people who knew the victim and had learned, prior to arresting the appellant, that the victim had been seen the night before her death in a bar arguing with the appellant. The appellant allegedly had told the bartender that he was going to kill the victim that night. The victim was last seen leaving the bar with the appellant. Her car was seen by the bartender still parked in the parking lot of the bar when the bartender left for the night. We find this information gave the officers ample probable cause to believe that the appellant was the one who had killed the victim. The arrest of the appellant was thus legally based on probable cause.

The appellant next contends that the murder weapon and a note from the victim to the appellant were illegally seized and thus improperly admitted into evidence. We find these contentions to be without merit. In *Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980), we held:

> One exception to the warrant requirement for admissibility of evidence is the "plain view" doctrine. To justify seizure of an object in plain view: (1) it must be immediately apparent that it is evidence of a crime, *Kinsey v. State*, Okl.Cr., 602 P.2d 240 (1979); *Coolidge v. New Hampshire*, 403 U.S. 433, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); (2) the officer must have a prior justification for his presence and a lawful right to be there, *Clayton v. State*, Okl.Cr., 555 P.2d 1310 (1976); and (3) the discovery of the evidence must be inadvertent, *Abbott v. State*, Okl.Cr., 565 P.2d 691 (1977).

A reading of the record in the instant case reveals that the officers were lawfully in the appellant's trailer house making his arrest when they inadvertently saw in plain view the note and the gun. The evidence therefore was not only legally seized, but was properly admitted into evidence. The contentions to the contrary are accordingly found to be without merit.

The appellant next contends that certain photographic evidence was improperly admitted into evidence. We have reviewed this evidence and find that State's Exhibits Numbers 6–11, although in color, were admissible as they accurately depicted the scene of the crime and were not so gruesome as to be prejudicial. State's Exhibit Number 15 accurately depicted the wound allowing testimony concerning the entry of the bullet to be corroborated. It was not so gruesome as to be inadmissible in light of the probative value. We find the trial judge did not abuse its discretion in allowing these photographs into evidence. We accordingly decline to take any action on this basis in the instant case. *Glidewell v. State*, 626 P.2d 1351 (Okl.Cr.1981).

The appellant lastly contends that the trial court erroneously instructed the jury. As the appellant's complaints about the instructions involve the instructions on First Degree Murder, we need not address these complaints as the appellant was convicted of Second Degree Murder.

Based on the foregoing, the judgment and sentence is Affirmed.

BUSSEY and CORNISH, JJ., concur.