Douglas Leroy McGOWEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-212.

Court of Criminal Appeals of Oklahoma.

March 28, 1983.

Rehearing Denied May 6, 1983.

Jim H. Heslet, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., John F. Cooper, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Douglas Leroy McGowen, was convicted in the District Court of Tulsa County, Case No. CRF-80-817, of Unlawful Possession of Cocaine. The jury set a sentence of three (3) years' imprisonment.

On March 13, 1980, officers of the Tulsa Police Department went to the appellant's apartment pursuant to a search warrant to look for cocaine. The officers knocked on the appellant's door, stating that they were police officers with a search warrant. After waiting a few seconds, they forcibly

opened the door. Cocaine and paraphernalia were found in the apartment.

■ In his first proposition of error, the appellant asserts that the trial court erred in overruling his Motion to Quash the search warrant on the grounds that it failed to conform to the specifications set forth by statute. He additionally contends that he was subjected to an unreasonable search and seizure and that he was denied his due process rights.

He alleges that the search warrant was improper because it was served at nighttime, and nighttime service can only occur if the following terms are set forth: "that the property is on the person, or in the place to be searched, is subject to likely destruction, or will be moved or concealed." An examination of the search warrant reveals that it specifically warranted either a daytime or a nighttime search and included the language which the appellant alleges was missing. Hence, this assertion is without merit.

■ In attacking the warrant as a general warrant, the appellant relies on *Kinsey v. State,* 602 P.2d 240 (Okl.Cr.1979). Kinsey was arrested pursuant to a search warrant where some items were specifically mentioned, but the warrant also authorized the search for "other stolen property." This Court held that the search warrant violated the Fourth Amendment for failure to sufficiently specify the items to be seized.

According to the appellant, the search warrant was general in that it authorized a general rummaging of his residence. However, the warrant in question contains a specific description of the premises to be searched and the property to be seized. Therefore, he was not denied his right to a reasonable search and seizure.

■ In the appellant's second proposition of error, he asserts that reversible error occurred when testimony of certain witnesses included evidentiary harpoons, referring to other possible offenses committed by the appellant. The allegedly erroneous testimony consist of the following:

First, Officer York testified on direct examination by the State:

Q: When you forcibly opened the door, what did you see?

A: When I kicked the door in I had a uniformed officer with me, and he was standing in front of the door after I kicked it, and I observed the defendant, Mr. McGowen, approximately 25 feet away or so standing in the hallway between the two bedrooms with a rifle, and it was pointed. He had it up to his shoulder and—

Then, Officer Crawford testified on direct examination by the State:

Q: What words did you use to inform him of the fact he was under arrest?

A: I stated to him he was under arrest for assault and battery with a firearm and possession of cocaine with intent to distribute.

Objections to both statements were overruled. These statements clearly constituted evidentiary harpoons, in which experienced police officers indicated other crimes in their reply to questions from the prosecution. See *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). The assault and battery with a firearm was a separate crime from that for which the appellant was standing trial. Although the trial court held that the evidence was permissible *res gestae* evidence, a review of the record leads this Court to a different conclusion. The cocaine was found in the appellant's apartment. When the police officers entered with a search warrant, the fact that the appellant responded with a weapon indicates his criminal intent. The use of this weapon plus the fact that the appellant was renting the apartment and appeared to be in control of the premises constitutes circumstantial evidence of his knowledge, dominion and control over the cocaine. See *Miller v. State,* 579 P.2d 200 (Okl.Cr.1978).

■ Finally, the appellant contends that the trial court erred in not granting his motion for a mistrial upon the prosecutor's recommendation of a seven-year sentence. Considering the imposition of a three-year sentence for a crime in which there is a two

to ten year punishment range, 63 O.S.Supp. 1982, § 2–402(B)(1), this Court will not address this argument on its merits, as no prejudice was shown.

Judgment and sentence is affirmed.

BUSSEY, P.J., concurs in results.

CORNISH, J., concurs.