676 P.2d 269 (1984)
Bobby Dean SOCKEY, Appellant,
v.
The STATE of Oklahoma, Appellee.
No. F-82-698.
Court of Criminal Appeals of Oklahoma.
February 6, 1984.
S. Daniel George, Inc., Sallisaw, for appellant.
Michael C. Turpen, Atty. Gen., Ozella M. Willis, Asst. Atty. Gen., Oklahoma City, for appellee.

*270 OPINION
CORNISH, Judge:
On appeal from his conviction for Unlawful Possession of the Controlled Drug Methamphetamine, appellant Bobby Dean Sockey presents but one proposition of error. Did the trial judge err in denying his motion to suppress? We hold he did not, and affirm.
The key evidence against the appellant was seized in a search of his residence pursuant to a search warrant. He alleges that the affidavit for the search warrant was deficient. The standard for the constitutional sufficiency of a search warrant affidavit is that it must inform the magistrate of some of the underlying circumstances from which the informant concluded that the articles are where he claims them to be, and some of the underlying circumstances from which the affiant concludes that the informant is credible or his information reliable. Patton v. State, 507 P.2d 604 (Okl.Cr. 1973). Sufficient reason for crediting the information in the affidavit may appear from a review of the affidavit as a whole. Id.
In the case at bar, we do not understand appellant to argue that the facts stated in the affidavit, if reliable, do not establish probable cause to believe that contraband was located in the place to be searched, or that insufficient facts were stated concerning the circumstances from which the informant concluded that the contraband was where he claimed it to be. Indeed, under the facts of this case, any such argument would be unavailing. The material portions of the affidavit are set out in the Appendix.
Rather, appellant argues that the affidavit failed to set forth facts sufficient to establish the reliability of the named informant and the credibility of his information. He relies in part on those portions of the affidavit averring that the informant was under arrest for public intoxication at the time of his statements; that he had injected methamphetamine into his body early on the morning of the statements; and that *271 the informant had been previously convicted of felony drug possession in the state of Arkansas. This is apparently intended to underscore the need for statements of fact in the affidavit to establish the reliability of the informant.
We find that the affidavit was sufficient. Where, as in the case at bar, the affidavit is not based on the tip of an undisclosed informant, but rather on specified factual information given by a named and known informant, it is not necessary that the affidavit set forth details to show that the informant is reliable and his information credible. See McGee v. State, 645 P.2d 529 (Okl.Cr. 1982); McFatridge v. State, 632 P.2d 1226 (Okl.Cr. 1981); Gentry v. State, 562 P.2d 1170 (Okl.Cr. 1977); Wright v. State, 552 P.2d 1157 (Okl.Cr. 1976); and, Luker v. State, 504 P.2d 1238 (Okl.Cr. 1972).
Appellant urges us to reconsider our position on this point of law. However, even if we were disposed to do so, appellant would not be aided. The statements attributed to the informant in the affidavit were admissions of crime and declarations against penal interest, bearing their own indicia of reliability. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Pierce v. State, 491 P.2d 335 (Okl.Cr. 1971); Gentry v. State, supra; and McGee v. State, supra.
Accordingly, appellant's sole proposition of error is without merit, and the judgment and sentence is AFFIRMED.
BUSSEY, P.J., and BRETT, J., concur.

APPENDIX
The affiant herein is employed by the Poteau Oklahoma Police Department as a police officer and detective and has been so employed for 9 years. That on the 21st day of January, 1981, said affiant had a conversation with Lewis William King, Jr., at the Poteau Police Department. The informant was brought to the Police Department by Sergeant Bob Jackson, following an investigation of a suspicious automobile on the dirt road where the house described above is located. The informant, King, was brought to Police Department, under arrest for Public Intoxication. The said informant, Lewis William King, Jr., advised the affiant that during the early morning of January 21, 1981, he met Bobby Sockey, at the above described house, requesting to purchase some "crank" (methamphetamine). The resident Sockey left the front room of the house went to the bedroom and then returned with the white fold packet containing the described white powdery substance and the sale was consummated. The purchase price was $150. for one gram, however King had only $100.00, paid that with 5-$20.00 bills, and advised Sockey would pay remaining $50.00 later. Sockey agreed and delivered a white fold packet containing a white powdery substance believed by this informant to be crank (Methamphetamine). And upon injecting this substance into his body, obtained the sensation which he associated with his prior use of Methamphetamine. The injection of this narcotic was accomplished by King upon the immediate return to his automobile at the house described above.
At the time of his arrest, the informant had various items on his person which are commonly referred to as drug paraphernalia used to inject narcotics into the body. King further had a white fold packet with a white powdery residue therein, which was found on his person.
King further advised the affiant that he had been to this house 2 times prior this visit on January 21, 1981, for the same purpose, that being to purchase crank (Methamphetamine) and other narcotics. These prior visits occurred within the immediate past 2 or 3 weeks. On each of the previous visits King was successful in making a purchase of narcotics. On these previous occasions, King advised this affiant that Sockey showed him large quantities of narcotics. Sockey has further advised King of a recent trip he took to Texas to purchase more Methamphetamine.
Affiant knows that his informant, Lewis William King, Jr., has been convicted of felony possession of narcotics in the State *272 of Arkansas. The affiant would further advise that the resident of the above described house, Bobby Sockey, has a history of violence, more particularly being charged with attempted Murder in Louisiana in April, 1980.
Further affiant say I not.