**Carl Don LOWRY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–382.**

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1986.

Rick Cornwell, Shawnee, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Carl Don Lowry, was charged, tried and convicted in the District Court of Pottawatomie County, Oklahoma, Case No CRF–83–198, for the offenses of Burglary in the Second Degree and Larceny of an Automobile. His punishment was fixed at a term of two (2) years imprisonment for the burglary offense and three (3) years imprisonment for the larceny offense, the sentences to run consecutively. We reverse.

On July 2nd or 3rd of 1983, the Shawnee residence of Don Smith was broken into. Several items of personalty ·were missing, including several guns, a VCR unit, and the Smiths' Mercedes Benz automobile. The Mercedes was later located in Norman, badly burned and unrecognizable. One informant had later allegedly witnessed the appellant and another man in possession of the stolen guns. A second police informant had allegedly purchased guns from the appellant. Based upon the information provided by the police informants, a search warrant was procured for the search of the appellant's residence.

The appellant's residence was searched on July 12, 1983. Several officers were present when the search was conducted. As the officers approached the front door to the residence, they noticed a Mercedes Benz automobile battery sitting on the driveway. The battery was seized. The officers knocked on the door and announced that they were police officers and that they had a search warrant. No one answered the door, so the front door was forced open. Upon entering the residence, the officers were met by the appellant, standing near the front door, pointing a handgun at them. The appellant was ar-

rested and he made several incriminating statements. There was conflicting testimony regarding whether the *Miranda* warnings [1] were read to the appellant prior to, or subsequent to, his incriminating statements. Several items were seized pursuant to the search of the residence. Later that evening, after being transported to the police station, several more incriminating statements were made by the appellant.

The appellant raises five assignments of error before this Court. Since we find the first assignment of error has merit, we dispose of the case on this ground alone.

In his first assignment of error, the appellant contends that the trial court erred in admitting into evidence the statements of the appellant made subsequent to his arrest. We agree. Initially, a review of the record indicates that the search warrant was executed by police officers who forced their way into the appellant's resi-· dence. The appellant was subsequently arrested in his residence following the officers' entry. The affidavit for the issuance of the search warrant was later held to be defective by a District Judge at a hearing on the motion to suppress. The affidavit was defective in its imprecise drafting and by its failure to state the reliability of the confidential informants.[2] Accordingly, the evidence obtained pursuant to the execution of the search warrant was suppressed.

■ Since the search warrant was invalid, the police officers' forced entry into the appellant's residence and his subsequent warrantless arrest was unlawful. The Supreme Court has held that a warrantless arrest of an individual in his own residence is barred by the Fourth Amendment to the United States Constitution. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). *See also Feaster v. State*, 635 P.2d 617 (Okl.Cr.1981). Since the appellant's arrest, in the case at bar, was procured without a warrant in his own

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. *See Sockey v. State,* 676 P.2d 269 (Okl.Cr. 1984). Neither the search warrant affidavit nor the search warrant itself was submitted into the record upon appeal to this Court.

residence, the arrest was in violation of the Fourth Amendment. Therefore, all statements made by the appellant, subsequent to his arrest, are potentially the "fruit of the poisonous tree." *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Such statements should be suppressed unless they are "sufficiently an act of free will to purge the primary taint of the unlawful invasion." *Id* at 486, 83 S.Ct. at 416–17.

■ In *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the Supreme Court further elucidated several factors to be considered which may purge the taint. *See also Cooks v. State,* 699 P.2d 653 (Okl.Cr.1985). The Court cited the various factors to consider once the threshold test of voluntariness is met. These factors include (1) the giving of *Miranda* warnings, (2) the "temporal proximity" of the arrest and confessions, (3) the presence of "interventing circumstances," and (4) the "purpose and flagrancy of the official misconduct." *Id.* 422 U.S., at 603–4, 95 S.Ct. at 2261–62.

Applying these factors to the case at bar, it is clear that the primary taint was not purged. The testimony was conflicting whether the *Miranda* warnings were read to the appellant after his arrest but prior to his incriminating statements. The statements made by the appellant later that evening at the police station were elicited following the reading of the *Miranda* warnings. Even though the statements were made following the reading of the *Miranda* warnings, taken in a light most favorable to the prosecution, the statements were made within a few hours of arrest and the appellant was not represented by counsel at the time of questioning. *Accord United States v. Gillespie,* 650 F.2d 127 (7th Cir.1981) (*per curiam* ), cert. denied, 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982) (testimonial evidence obtained in the appellant's confession on the same day as an unconstitutional search of his home was tainted, whereby the confession resulted directly from the evidence seized during the illegal search, and there

was not much time between the appellant's arrest and his interrogation at the police station, and no intervening events of any significance occurred to purge the taint). Therefore, no intervening circumstances are present.

Furthermore, the voluntariness of the appellant's statements are in doubt. There is some evidence in the record which suggests that the appellant was allegedly coerced into giving the statements at the police station since he was allegedly informed of his wife's subsequent arrest and his children's placement in a county children's home. This Court has held that "a promise to free [a] relative in exchange for a confession, may render an admission invalid...." *Foster v. State,* 657 P.2d 166, 170 (Okl.Cr.1983). Accordingly, we find that the appellant's statements should be suppressed upon remand.

■ The appellant also contends that the battery seized at his residence should have been suppressed. The battery was located on the appellant's driveway next to his house. Therefore, the battery was lawfully seized pursuant to the plain view doctrine. *See Brown v. State,* 644 P.2d 566 (Okl.Cr.1982). Upon remand, the battery may be admitted into evidence.

Therefore, it is the opinion of this Court that the judgement and sentence should be REVERSED and REMANDED for a new trial which is consistent with the holdings herein.

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I must respectfully dissent to the reversal of appellant's conviction. I am of the opinion that the search in this case, although conducted pursuant to a defective affidavit and search warrant, was nevertheless lawful under the "good faith exception" to the exclusionary rule enunciated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and *Massachusetts v. Sheppard,* 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). In *Leon,* the Supreme Court held that evidence ob-

514

tained pursuant to a facially valid search warrant should not be suppressed solely because the affidavit supporting the warrant did not allege sufficient facts to constitute probable cause for the search, unless the affidavit was so defective that no well trained officer would have relied upon it. Although *Leon* was decided by the Supreme Court on July 5, 1984, the Supreme Court stated that its decision in *Leon* is to be given retroactive effect. 468 U.S. at 912–13, 104 S.Ct. at 3416, 82 L.Ed.2d at 691–92, (Footnote 9 and 10).

I am of the opinion that *Leon* applies to the instant case. The judge who suppressed the warrant said that if the affidavit had been worded more precisely, the warrant would have been valid. The police officers, armed with what they believed was a valid warrant, conducted a valid search.

The seizure of contraband under the valid search warrant provided probable cause for the arrest of appellant, and the statements made by him thereafter were properly admitted. The judgment and sentence appealed from should be affirmed.